**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1704

JASON KESSLER,

Plaintiff - Appellant,

and

DAVID MATTHEW PARROTT,

Plaintiff,

v.

CITY OF CHARLOTTESVILLE; TARRON J. RICHARDSON, in his official capacity; AL S. THOMAS, in his individual capacity; BECKY CRANNIS-CURL, in her individual capacity; MAURICE JONES, in his individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:19-cv-00044-NKM-JCH)

Submitted:  October 21, 2022                    Decided:  December 29, 2022

Before AGEE, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James E. Kolenich, KOLENICH LAW OFFICE, Cincinnati, Ohio, for Appellant. Mark R. Herring, Attorney General, Samuel T. Towell, Deputy Attorney General, Erin R. McNeill, Assistant Attorney General, Toby J. Heytens, Solicitor General, Michelle S. Kallen, Deputy Solicitor General, Jessica Merry Samuels, Deputy Solicitor General, Kendall T. Burchard, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia; David P. Corrigan, Melissa Y. York, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia; Richard H. Milnor, ZUNKA, MILNOR & CARTER LTD, Charlottesville, Virginia; Rosalie Fessier, TIMBERLAKE SMITH, Staunton, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Kessler filed a 42 U.S.C. § 1983 action against various Defendants. He appeals the district court's order granting Fed. R. Civ. P. 12(b)(6) motions to dismiss filed by the City of Charlottesville, Virginia, several of its former employees, and a state police officer, and the court's order denying his Fed. R. Civ. P. 59(e) motion.[*] On appeal, Kessler contends that Defendants had an affirmative obligation to protect his First Amendment rights as a speaker at a Unite the Right rally in the City in August 2017. Kessler also asserts that Defendants imposed a heckler's veto when they declared the rally an unlawful assembly. We affirm.

"We review dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim de novo, viewing the facts in the light most favorable to the plaintiff." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not a probability requirement, but 'asks for more than a sheer possibility that a defendant has

---

[*] Kessler does not challenge in his opening brief the district court's disposition of his Rule 59(e) motion and has therefore waived appellate review of that order. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

3

acted unlawfully.'"  *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

The First Amendment guarantees that "Congress shall make no law . . . abridging the freedom of speech."  U.S. Const. amend. I; *see also Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (noting that Fourteenth Amendment makes the First Amendment applicable to the states).  Turning first to Kessler's contention that the First Amendment imposed an affirmative obligation on Defendants to act, we conclude that, under the circumstances in this case, it did not.  *See Doe v. Rosa*, 795 F.3d 429, 440 (4th Cir. 2005); *see also Musso v. Hourigan*, 836 F.2d 736, 743 (2d Cir. 1988) ("As a general rule, a government official is not liable for failing to prevent another from violating a person's constitutional rights, unless the official is charged with an affirmative duty to act.").

Kessler's contention that Defendants imposed a heckler's veto fares no better.  We have long recognized that one way the government might abridge an individual's freedom of speech is by imposing a "heckler's veto."  *See Berger v. Battaglia*, 779 F.2d 992, 1001 (4th Cir. 1985); *see also Forsyth Cnty. v. Nationalist Movement*, 505 U.S. 123, 134-35 (1992) ("Speech cannot be . . . punished . . . simply because it might offend a hostile mob.").  The state imposes a heckler's veto when it "curtail[s] 'offensive' speech" to "avoid . . . risks of public disorder."  *Berger*, 779 F.2d at 1001.  Kessler relies on the Sixth Circuit's decision in *Bible Believers v. Wayne County*, 805 F.3d 228 (6th Cir. 2015) (en banc).  However, *Bible Believers* is easily distinguishable.  Unlike in *Bible Believers*, where plaintiffs' "conduct was at all times peaceful while they passionately advocated for their cause," *id.* at 257, the rally attendees engaged in proactive violence against

4

counterprotestors.  The police did not singularly target Kessler in response to violence perpetrated only by the counterprotestors.  Nor did Defendants affirmatively "cut[] off [Kessler's] protected speech in response to a hostile crowd's reaction," as the police did in *Bible Believers*.  *Id.* at 243.  And Kessler's complaint lacks any plausible allegation that the unlawful-assembly declaration and dispersal order discriminated based on content or viewpoint.

Accordingly, we affirm.  *See Kessler v. City of Charlottesville*, No. 3:19-cv-00044-NKM-JCH (W.D. Va. Feb. 21, 2020).  We grant Kessler's counsel's motion to withdraw and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*